IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LORENE D. FLAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01197-STA-dkv |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Lorene D. Flagg filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 7, 2012. On December 28, 2012, the ALJ denied the claim. The Appeals Council subsequently denied the request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without

1

remanding the cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Plaintiff was born on October 25, 1975. She earned her GED certificate about three months before the administrative hearing. Plaintiff alleges that she became disabled on March 29, 2010. In a Disability Report, Plaintiff stated that the following conditions limit her ability to work: depression and personality disorders.

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ made the following findings: (1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: bipolar disorder, panic disorder, and a history of drug and alcohol abuse, but she does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to understand simple, detailed one-to-three step tasks and instructions; she is able to maintain concentration, persistence, and pace in two hour segments across a normal workday/week; she can relate with peers and supervisors in settings involving less frequent social interaction; she cannot work effectively with the general public; she would work better with things rather than people; she is able to adapt to gradual changes and make/set goals and plans independently; (5) Plaintiff is capable of performing her past relevant work as a hand packer and a production assembler; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[8]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[9] The claimant bears the ultimate burden of establishing an entitlement to benefits.[10] The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the

---

[8] R. 14-20.

[9] 42 U.S.C. § 423(d)(1).

[10] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

3

Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[11]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he or she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[12]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[13] Here, the sequential analysis proceeded to the fourth step with a finding that Plaintiff can perform her past relevant work. The Court finds that substantial evidence supports this determination.

Plaintiff argues that the ALJ's finding that she retains the residual functional capacity to perform her past relevant work is not supported by substantial evidence because the ALJ did not consider all of her impairments and failed to provide sufficient reasons for not finding these

---

[11] *Id.*

[12] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[13] 20 C.F.R. § 404.1520(a).

impairments to be severe, did not properly weigh the medical opinion evidence, and failed to properly consider and weigh the Clinically Related Group ("CRG") Assessment forms. Plaintiff's arguments are not persuasive.

As noted above, the initial burden of going forward is on Plaintiff to show that she is disabled from engaging in her former employment; once she makes that showing, the burden of going forward shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[14] It is Plaintiff's burden to prove that she has disabling limitations, not the ALJ's.

The ALJ found that Plaintiff had the following severe impairments: bipolar disorder, panic disorder, and a history of drug and alcohol abuse. She did not find Plaintiff's chronic post-traumatic stress ("PTSD") to be a severe impairment even though Plaintiff had been diagnosed with such. Plaintiff contends that this was reversible error. However, Plaintiff does not explain what additional functional limitations are caused by her PTSD that are not accounted for by the ALJ's findings. The mere fact that Plaintiff has a diagnosis or diagnoses does not mean that she has disabling limitations because a diagnosis, in and of itself, "says nothing about the severity of the condition."[15] Instead, the ALJ must consider the actual work-related impact of those diagnoses.

In making her determination, the ALJ gave great weight to the opinion of Jeffrey Bryant, Ph.D., which recognized Plaintiff's PTSD diagnosis in assessing functional limitations.[16] Given that the ALJ gave great weight to a medical opinion that accounted for functional limitations

---

[14] *Born*, 923 F.2d at 1173.

[15] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (stating that a diagnosable impairment is not necessarily disabling) (citation omitted)).

[16] R. 328, 332.

related to Plaintiff's PTSD and were essentially the same limitations as those included in the ALJ's residual functional capacity finding, the Court finds that the residual functional capacity finding accounts for any symptoms attributable to PTSD.  Moreover, as long as the ALJ considers all of an individual's impairments, as in this case, the "failure to find additional severe impairments . . . does not constitute reversible error."[17]  That is, any error would be harmless because the ALJ found in Plaintiff's favor at step two in the sequential evaluation process and then continued with the remaining steps.[18]

Next, Plaintiff argues that the ALJ erred by not giving proper weight to the opinion of the Plaintiff's treating source, Karen Alexander-Jowers, M.A.  Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c).  Under the treating physician rule, an ALJ must give controlling weight to the opinion of a claimant's treating physician if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."[19]  The term "not inconsistent" is meant to convey that "a well-supported treating source medical opinion need not be supported directly by all of the other evidence, (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion."[20]

---

[17] *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) (ALJ's RFC for simple low stress work adequately took into account other alleged mental deficits)).

[18] *See Maziarz v. Secretary*, 837 F.2d 240, 244 (6th Cir. 1987) (failure to find that a particular impairment was severe was not reversible error because the ALJ found other severe impairments and continued with the sequential evaluation).

[19] 20 C.F.R. § 404.1527(c)(2).

[20] Soc. Sec. Rul. 96–2P.

If an ALJ decides that the opinion of a treating source should not be given controlling weight, the ALJ must take certain factors into consideration when determining how much weight to give the opinion, including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."[21] Any decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[22]

Generally, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination,[23] and an opinion from a medical source who regularly treats the claimant is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship.[24] In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."[25] Opinions from nontreating sources are not assessed for controlling weight. Instead, these opinions are weighed based on specialization, consistency, supportability, and any other factors "which tend to support

---

[21] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

[22] Soc. Sec. Rul. 96–2P.

[23] 20 C.F.R. § 404.1502, 404.1527(c)(1).

[24] *Id.* § 404.1502, 404.1527(c)(2).

[25] Soc. Sec. Rul. No. 96–6p at *2.

7

or contradict the opinion" may be considered in assessing any type of medical opinion.[26] State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions.[27]

In the present case, substantial evidence supports the weight given to the medical evidence and opinions in the record and the evaluation of Plaintiff's residual functional capacity. The ALJ properly determined that Plaintiff could perform a full range of work at all exertional levels but with certain nonexertional limitations, and Plaintiff has failed to show that she is otherwise more limited.

Plaintiff showed improvement with medication and therapy. Plaintiff's treatment notes dating from October 2011 through October 2012, including those from Ms. Alexander-Jowers, reflect generally normal mental status examination findings.[28] Although Plaintiff experienced familial and financial stress during this time period, the mental status examination findings did not reflect significant mental symptoms. Treatment records document Plaintiff's appearance as neat, and her behavior was noted to be appropriate with normal or "appropriate thought processes and content.[29] Given these generally benign clinical observations, the ALJ could properly conclude that the objective medical evidence did not support disabling limitations.

Plaintiff objects to the little weight given to Ms. Alexander-Jowers's letter stating that Plaintiff "possesses the [sic] difficulty with obtaining stable employment due to her present

---

[26] 20 C.F.R. § 404.1527(c).

[27] *See* 20 C.F.R. § 404.1527(e)(2)(i).

[28] R. 398-425.

[29] R. 223-39, 398-425.

8

mental ability."[30] The ALJ discredited Ms. Alexander-Jowers's opinion because she was not an acceptable medical source and because the letter was conclusory and inconsistent with the other evidence in the record as a whole. For example, Plaintiff had recently completed her GED and independently cared for her three children, she worked a part-time job during the time period she claims she was disabled, Plaintiff's treatment notes were relatively benign, and she showed improvement with treatment. An ALJ may discredit a treating source's opinion which is inconsistent with other evidence or is based on insufficient clinical findings.[31]

The ALJ gave great weight to the opinions of state agency psychological consultants Jeffrey Bryant, Ph.D. and P. Jeffrey Wright, Ph.D., that Plaintiff could perform a restricted range of work, including social, concentration, attention, persistence, and adaptation limitations.[32] The ALJ determined that these opinions merited great weight because they were generally consistent with the other evidence of record indicating that Plaintiff did not have disabling mental impairments, such as the benign mental status examinations discussed above, her ability to live independently, and her part-time work.

The ALJ properly gave more weight to the opinions Dr. Wright and Dr. Bryant than to that of Ms. Alexander-Jowers, in part, because they were acceptable medical sources, and Ms. Alexander-Jowers was not. SSR 06-3p provides that "[t]he fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than

---

[30] R. 427.

[31] *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 472 (6th Cir. 2014); *see also* SSR 06-3p, 2006 WL 2329939 at *4 ("How consistent the opinion is with other evidence" is a factor an ALJ may consider in weighing opinion evidence from a source that is not an acceptable medical source.).

[32] R. 316-33, 341.

an opinion from a medical source who is not an 'acceptable medical source.'"[33] As discussed above, the ALJ also gave other good reasons for giving more weight to the state agency psychological consultants' opinions than to Ms. Alexander-Jowers's opinion, such as their consistency with the other evidence and Ms. Alexander-Jowers's opinion's inconsistency with the record evidence as a whole.

Plaintiff also argues that the ALJ erred by failing to properly consider and weigh the CRG Assessment forms completed by various medical sources. Plaintiff specifically contends that the ALJ erred in not discussing a CRG form completed in June 2008, nearly two years before her alleged onset date of disability in March 2010. On the contrary, the ALJ discussed the reasons why she did not give the CRG forms more than little weight. The ALJ noted that the CRG forms and the global assessment of functioning ("GAF") scores contained within them were highly subjective ratings, easily varying from one practitioner to another and only presented a snapshot of the presentation of information available from a patient on that particular day. The ALJ further discussed how these forms did little to explain how Plaintiff's mental impairments would cause particular longitudinal functional limitations so as to be useful to the ALJ in formulating an RFC finding. A low rating could be caused by other problems reported by a patient, such as situational stressors like poverty and familial troubles, in the absence of any actual mental impairment-related symptoms. Furthermore, the statements in the CRG forms are not tied to clinical findings. Instead, the statements in the CRG forms largely reflect Plaintiff's subjective complaints.[34] Under SSR 06-3p, "[t]he degree to which the source presents relevant evidence to support an opinion", "[h]ow well the source explains the opinion", and "[a]ny other

---

[33] SSR 06-3p, 2006 WL 2329939 at *5.

[34] R. 258-60, 273-75.

10

factors that tend to support or refute the opinion" are appropriate factors to consider in weighing an opinion from a medical source that is not an acceptable medical source. Thus, the ALJ appropriately concluded that the value of the CRG forms was limited.

The ALJ considered Plaintiff's testimony and concluded that Plaintiff's statements concerning her impairments and their impact on her ability to work were not totally credible. The ALJ noted that Plaintiff's subjective limitations were not well supported by the medical records or by her daily activities, which included living independently, driving, shopping, cooking, cleaning, and spending time with her three children.[35] Despite Plaintiff's allegations of disabling mental impairments, Plaintiff obtained new housing for herself and her children shortly before the administrative hearing.[36] Additionally, Plaintiff had taken classes and earned her GED a few months before the administrative hearing. Moreover, Plaintiff worked part-time after her alleged onset of disability from October 2010 through March 2011, which also suggested that her impairments were not as limiting as alleged.[37] Therefore, the ALJ concluded that Plaintiff's subjective allegations were not credible to the extent alleged.

A claimant's credibility comes into question when her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence.[38] "To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating

---

[35] R. 163-65.

[36] R. 400.

[37] R. 169.

[38] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

11

physicians and others, as well as any other relevant evidence contained in the record."[39] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."[40] Here, the Court finds no error in the ALJ's credibility determination because Plaintiff did not provide objective medical evidence to establish the intensity and persistence of her alleged symptoms, and the record as a whole does not indicate that her condition was of disabling severity.[41]

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[42] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[43] If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[44] A claimant must prove that she is unable to return to her past relevant work either as she performed that work or as that work is generally performed in the national economy.[45] Plaintiff has failed to carry her burden of proof.

---

[39] *Id.*

[40] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[41] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c).

[42] 20 C.F.R. §§ 404.1520(e), 404.1560(b).

[43] 20 C.F.R. § 404.1565(a).

[44] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[45] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found that Plaintiff could perform her past relevant work and, therefore, was not disabled. She worked long enough to learn the essential functions of the job, and she performed the work at the substantial gainful activity level. In comparing Plaintiff's residual functional capacity with the physical and mental demands of such work and based on the testimony of a vocational expert that, given Plaintiff's residual functional capacity and work history, Plaintiff could perform work as a hand packer and production assembler, the ALJ could properly find that Plaintiff could perform her past relevant work. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled, the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**


s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   July 20, 2017.